IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE ARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:11-cv-460 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| ROBERT JAMES & ASSOCIATES ASSET ) | |
| MANAGEMENT, INC. D/B/A ROBERT ) | |
| JAMES & ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Stephanie Arthur ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Miami, and City of Piqua.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Robert James & Associates Asset Management, Inc. d/b/a Robert James & Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on July 25, 2011 at 12:46 P.M., and at such time, left a voicemail message in which Defendant stated as follows:

> "Hello.  This is John Williams from RJ & Associates.  Stephanie Arthur, I'm looking for you.  You, uh, set up a settlement offer here, and, uh, your payment declined today.  I do need a call back immediately, or else you'll go back to the full balance, plus all the fees, and everything else that will be associated with this.  So, you need to call me back immediately.  716-748-7347.  You case number A55598.  Again, my direct number is 716-748-7347."

12.      In said voicemail message, Defendant failed to notify Plaintiff that the call was from a debt collector.

13.     Furthermore, Defendant made said statements in order to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

14.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

15.     Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

This 29th day of December, 2011.

    WEISBERG & MEYERS, LLC

    /s/ Ronald S. Weiss
    Ronald S. Weiss
    Ohio Bar No. 0076096
    7035 Orchard Lake Road, Suite 600
    West Bloomfield, MI 48322
    RWeiss@AttorneysForConsumers.com
    (888) 595-9111 ext. 230
    (866) 565-1327 Fax
    *Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012