UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE ARTHUR, | : | Case No. 3:11-cv-460 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT, INC., | : | |
| Defendant. | : | |

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 8); (2) AWARDING STATUTORY DAMAGES; AND (3) ORDERING PLAINTIFF TO SUPPLEMENT THE MOTION WITH EVIDENCE SUPPORTING THE REQUEST FOR ATTORNEY FEES AND COSTS**

This civil action is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Robert James & Associates Asset Management, Inc. d/b/a Robert James & Associates ("Defendant"). (Doc. 8). Defendant did not respond and the time for doing so has expired. Plaintiff's Motion is ripe for decision.

## I. BACKGROUND

Plaintiff Stephanie Arthur filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff alleges that she is a consumer under the FDCPA and that Defendant was an entity engaged in the business of attempting to collect a debt as defined by the FDCPA. Plaintiff alleges that on July 25, 2011, at 12:46 p.m., she received the following voicemail message:

> Hello. This is John Williams from RJ & Associates. Stephanie Arthur, I'm looking for you. You, uh, set up a settlement offer here, and, uh, your payment declined today. I do need a call back

> immediately, or else you'll go back to the full balance, plus all
> the fees, and everything else that will be associated with this. So,
> you need to call me back immediately. 716-748-7347. Your case
> number A55598. Again, my direct number is 716-748-7347.

(Doc. 1).

Plaintiff contends that the message left by a representative of Defendant violates

the FDCPA because the caller failed to notify Plaintiff that he was debt collector, made

statements to convey a false sense of urgency for the purpose of compelling Plaintiff to

communicate and that such call constitutes conduct highly offensive to a reasonable

person. (Doc. 1). Plaintiff pursues this action seeking a finding that Defendant violated

the FDCPA and awarding Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. §

1692k, attorney fees in the amount of $3,000 and costs in the amount of $469.95.

Plaintiff filed her complaint on December 29, 2011. (Doc. 1). Summons was

completed on January 3, 2012. (Doc. 4). Pursuant to Fed. R. Civ. P. 12, Defendant was

to answer on or before January 24, 2012. However, Defendant failed to answer, appear or

otherwise defend against the claims asserted in this case. Accordingly, on February 17,

2012, Plaintiff applied for an entry of default. (Doc. 6). On February 21, 2012, the Clerk

docketed an Entry of Default. (Doc. 7). Plaintiff now moves for default judgment.

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2).

Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's

application for default under Rule 55(b), "the complaint's factual allegations regarding

-2-

liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted).

In other words, while liability may be shown by well-pleaded allegations, "[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010). To ascertain damages where there is a sum uncertain,[1] Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354-55 (6th Cir. 2009).

Instead, the court may rely on affidavits submitted on the issue of damages. *See Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. CIV A 206-CV-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *see also LaFarge North America Inc. v. Wells Group, Inc.*, No. 4:08-cv-95, 2009 WL 2601854, at *4 (E.D. Tenn. Aug. 24, 2009); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp.2d 1354 (N.D. Ga. Feb. 3, 2011) (stating that certain courts note "that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages"). In this case, Plaintiff contends that "[r]eliance on affidavits in lieu of an evidentiary hearing

---

[1] "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

makes particular sense where, as in the present case, the Defendant has failed to appear or otherwise defend and thus would not participate in such an evidentiary hearing if it occurred." (Doc. 11).

## III. STATUTORY DAMAGES

Plaintiff moves for default judgment and an award of damages pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq.* Based on the allegations in the Complaint, which the Court accepts as true, and the averments in affidavits submitted in support of default judgment, the Court finds that Defendant violated 15 U.S.C. §§ 1692e. With liability established, the Court must determine the extent of damages.

> With regard to damages under the FDCPA, 15 U.S.C. § 1692k provides that:
>
> any debt collector who fails to comply with any provision of . . . [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of - -
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Here, Plaintiffs seek statutory damages in the amount of $1,000, attorney fees in the amount of $3,000, and costs in the amount of $469.95. (Doc. 8).

The Court first addresses the award of statutory damages. In awarding statutory damages under § 1692k(a)(2)(A), "the court shall consider . . . the frequency and

-4-

persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Here, Plaintiff alleges a single violation of the FDCPA. The verbatim contents of the message left by an agent of Defendant is not egregious. Thus, because the noncompliance admitted by virtue of default was not frequent, was not persistent and was not egregious, Plaintiff is entitled to $100.00 in statutory damages.

## IV. ATTORNEY FEES AND COSTS

With regard to attorney fees and costs, such awards are mandatory. *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir.1997)). "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Id.* (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999)).

To determine reasonable attorney's fees, courts begin multiplying "a reasonable hourly rate" with "the number of hours reasonably expended on the litigation" to obtain what is "known as the 'lodestar.'" *Id.* (citations omitted). Courts "indulge a 'strong presumption' that the lodestar 'represents a 'reasonable' fee.'" *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986)).

Here, Plaintiff requests $3,000 in attorney fees despite a representation that $3,550.50 were actually incurred. Unfortunately, Plaintiff failed to produce any evidence of the hourly rate charged, the number of hours reasonably expended or the costs

incurred, and instead, relies solely on a conclusory affidavit by Counsel. Thus, at this time, the Court is unable to determine whether the fee charged or the hours expended were reasonable. Accordingly, Plaintiff is **ORDERED** to supplement the Motion for Default Judgement with adequate evidence upon which the Court can award attorney fees and costs within 21 days from the entry of this Order.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment (Doc.8) is **GRANTED**. Judgment shall be entered in favor of Plaintiff and against Defendant awarding statutory damages in the amount of $100.00. Attorney fees and costs will be awarded by separate entry following Plaintiff's filing of a supplemental memorandum supported by evidence of such fees and costs as **ORDERED** herein.

**IT IS SO ORDERED**.

Date: _4/3/12_____

_Timothy S. Black_____
Timothy S. Black
United States District Judge